1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   DERRICK JOHNSON,                          No. 1:19-cv-00032-SKO (HC)

12              Petitioner,

13        v.                                    **FINDINGS AND RECOMMENDATION TO
                                                DISMISS PETITION FOR WRIT OF**
14   SCOTT KERNAN, et al.,[1]                   **HABEAS CORPUS**

15              Respondents.                    **ORDER DIRECTING CLERK OF COURT
                                                TO ASSIGN DISTRICT JUDGE**
16

17                                             **(Doc. 1)**

18

19        Petitioner, Derrick Johnson, is a state prisoner proceeding *pro se* with a petition for writ of

20   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner presents one ground for relief consisting of

21

22   _____

23   [1] Petitioner names Scott Kernan, Secretary of CDCR; the California Department of Corrections and Rehabilitation; and
     Daniel Buckley, Presiding Judge of Superior Court of the State of California of Los Angeles County, as Respondents.
24   A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name as the respondent only the state
     officer having custody of him as the respondent to the petition.  Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez,* 81 F.3d
25   891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).  Generally, the person
     having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because
26   the warden has "day-to-day control over" the petitioner and thus can produce the petitioner.  *Brittingham v. United
     States*, 982 F.2d 378, 379 (9th Cir. 1992).  The chief officer in charge of state penal institutions, such as the Secretary
27   of the CDCR, is also appropriate.  *Ortiz-Sandoval*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.  Therefore, the California
     Department of Corrections and Rehabilitation and Daniel Buckley are improper respondents.  As the undersigned
28   recommends dismissing the petition, the Court will not require Petitioner to resubmit the petition with the correct
     Respondents.

                                                  1

being held in the Kern Valley State Prison in violation of the Thirteenth Amendment. Upon conducting a preliminary screening of the petition, the undersigned recommends that the petition be dismissed.

Petitioner filed a notice of appeal on January 29, 2019, which was processed on the same day—before the Court had taken any action on the case. "Once a notice of appeal is filed, the district court is [generally] divested of jurisdiction over the matters being appealed." *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). An exception to this rule exists where a deficiency in the notice of appeal "is clear to the district court." *Ruby v. Secretary of the United States Navy*, 365 F.2d 385, 389 (9th Cir. 1966). In such a case the district court may proceed with the case "knowing that it has not been deprived of jurisdiction." *Ruby*, 365 F.2d at 389. Because Plaintiff is not appealing a final judgment, 28 U.S.C. § 1291, a "collateral order," *see Cohen v. Beneficial Industrial Loan Corp*., 337 U.S. 541, 546 (1949), or any order, this court retains jurisdiction over this action. Therefore, the undersigned will proceed with screening the petition.

## I.  **Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

On November 13, 2015, Petitioner was convicted of violating California Penal Code § 290(b), failure to register as a sex offender, in Los Angeles County. Petitioner alleges he is being

held in the Kern Valley State Prison in violation of the provisions of the Thirteenth Amendment.

The Thirteenth Amendment prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII. "Where a person is duly tried, convicted, sentenced, and imprisoned for [a] crime in accordance with law, no issue of peonage or involuntary servitude arises." *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963), *cert. den.*, 375 U.S. 982 (1964). "The Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute." *Id*.

Petitioner was convicted of a crime and is serving his sentence in the Kern Valley State Prison. As such, Petitioner has failed to allege facts that point to a real possibility of a constitutional violation. Accordingly, the undersigned recommends that the petition be dismissed without leave to amend.

## II.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)      (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—

> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B)  the final order in a proceeding under section 2255.

(2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to pursue federal habeas corpus relief to be debatable or wrong, or conclude that the issues presented required further adjudication.  Accordingly, the Court recommends declining to issue a certificate of appealability.

## III.    Conclusion and Recommendation

The undersigned recommends that the Court: (1) dismiss the petition for writ of habeas corpus since it does not allege grounds that would entitle Petitioner to habeas corpus relief, and (2) decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

   The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated:  **February 5, 2019**       /s/ *Sheila K. Oberto*
                   UNITED STATES MAGISTRATE JUDGE